**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**NICHOLAS EVAN NESBITT**                                                            **PLAINTIFF**


**v.**                    **Case No. 5:26-CV-05085-DCF**

**TRANS UNION, LLC, *et al.***                                          **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff's Response to a Show Cause Order (Doc. 132) and Defendants' Joint Request for a Rule 16 Conference (Doc. 161).  For the reasons stated below, the Court will IMPOSE SANCTIONS upon Plaintiff and DENY Defendants' motion for a hearing.

This is a consumer credit case filed in the Fayetteville Division of the Western District of Arkansas on April 21, 2026.  Plaintiff Nicholas Evan Nesbitt, proceeding *pro se*, brings suit under the Fair Credit Reporting Act against Defendants Trans Union, LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; American Express National Bank; JPMorgan Chase Bank, N.A.; Citizens Bank, N.A.; Patientfi, LLC; Cherry Technologies, Inc.; Ford Motor Credit Company; and Launch Servicing, LLC.  (Docs. 2, 61).  On June 18, 2026, Plaintiff filed an Amended Complaint without leave of Court and without consent from the Defendants.  (Doc. 61).  Since then, Plaintiff has filed numerous replies without leave of Court, repetitive notices and motions, and at

1

least two motions relying on fabricated cases.  (Docs. 71, 87, 88, 89, 90, 91, 122, 123, 126, 127, 133, 136, 137, and 149).

On July 17, 2026, the undersigned ordered Plaintiff to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11(b) for citing nonexistent case law in his motions.  (Doc. 131).  Plaintiff apologized to the Court for relying on artificial intelligence to assist him in conducting legal research and writing pleadings.  (Doc. 132).  Plaintiff assured the Court that he would never again submit a filing containing fabricated cases.  (*Id.*).  He asked that sanctions not be imposed upon him for violating Rule 11(b).  (*Id.*).

On August 7, 2026, Defendants Ford Motor Credit Company, LLC; PatientFi, LLC; JPMorgan Chase Bank, N.A.; Trans Union, LLC; Experian Solutions, Inc.; and Citizens Bank, N.A. filed their motion and brief in support. (Docs. 161, 162).  They request the Court schedule a case management hearing to "establish early and continuing control, discourage wasteful pretrial activities, and address other outstanding issues."  (Doc. 162, p. 3).  They also request the Court "place reasonable restrictions on Plaintiff's filings to facilitate efficient and continuing control of the case and avoid wasteful pretrial activities." (*Id.* at 4).

Given Plaintiff's numerous improper filings and violation of Rule 11(b), the Court finds it necessary to impose certain restrictions upon him.  A district

court is vested with discretion to impose sanctions upon a party under its inherent disciplinary power. *See Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998). The court has broad discretion in its choice and fashioning of sanctions. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018). The Court finds that Plaintiff's repeated filing of improper notices, motions, and replies wastes the Court's time and resources, prejudices Defendants, and impedes the resolution of this matter. Most concerning to the Court is Plaintiff's reliance on artificial intelligence for legal research and writing, which facilitates rapid filing of numerous documents, many containing fabricated caselaw and misrepresentation of federal rules, within just a few hours.

While mindful of Plaintiff's *pro se* status and the potential benefits of utilizing emerging technologies to facilitate access to the courts, the undersigned notes that Rule 11 obligations apply to both represented and *pro se* litigants. As such, any filing Plaintiff submits to the Clerk of Court for filing will not be docketed without prior approval from the Court or pursuant to a Court Order. Plaintiff is warned that further attempts to file frivolous pleadings will result in further sanctions being imposed against him, including dismissal of his claim.

The Court does not believe a case management hearing is necessary at this stage of the case in order to establish control, discourage wasteful pretrial activities, or address other outstanding issues. The Court finds that the

aforementioned restrictions will accomplish the necessary control over the docket Defendants request.  As such, Defendants' motion will be DENIED.

**IT IS HEREBY ORDERED** that the Clerk of Court is **DIRECTED** to accept no further pleadings or motions from Plaintiff without prior approval from the Court or pursuant to a Court Order.  **IT IS FURTHER ORDERED** that Defendants' Joint Request for a Rule 16 Conference (Doc. 161) is **DENIED**.

**IT IS SO ORDERED** this 11th day of August 2026.


*/s/David Clay Fowlkes*

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE

4